UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIKS KUBIN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ABODE SERVICES AGENCY, et al.,<br><br>    Defendants. | Case No. 18-cv-00658-MEJ<br><br>**ORDER GRANTING PLAINTIFFS' APPLICATIONS TO PROCEED IN FORMA PAUPERIS AND FOR REASSIGNMENT;**<br><br>**REPORT & RECOMMENDATION** |

**INTRODUCTION**

On January 30, 2018, Plaintiffs Feliks Kubin and Alena Gavrilenko filed a Complaint and two Applications to Proceed In Forma Pauperis. Compl., Dkt. No. 1; Appls., Dkt. Nos. 3 & 4. A district court may authorize the start of a civil action in forma pauperis if the court is satisfied that the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Plaintiffs submitted the required documentation demonstrating they are unable to pay the costs of this action, and it is evident from the Applications that their assets and income are insufficient to enable them to pay the fees. *See* Appl. Accordingly, the Court **GRANTS** Plaintiffs' Applications to Proceed In Forma Pauperis.

However, as it appears the Complaint does not state a basis for the exercise of federal jurisdiction, and as Plaintiffs did not yet consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge, with the recommendation that the Complaint be **DISMISSED WITH LEAVE TO AMEND**.

**SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)**

**A.    Legal Standard**

While the Court has granted Plaintiffs' Applications to Proceed In Forma Pauperis, it must also review the Complaint to determine whether the action may be allowed to proceed. The Court must dismiss the Complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation omitted). Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Moreover, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**B.    Allegations in the Complaint**

Plaintiffs filed their Complaint on January 30, 2018. One week later, they filed as an Exhibit a declaration that describes in greater detail the conduct that is alleged in the Complaint, and attaches excerpts from a number of documents that relate to some of their allegations. *See* Ex., Dkt. No. 5.[1] The undersigned construes the Exhibit as an attachment to the Complaint, and thus may consider the allegations therein when evaluating the sufficiency of the Complaint.

Plaintiffs allege Abode Services Agency and four of its employees provided false information to landlords and program participants; illegally modified official documents; created fraudulent documents; performed fake inspections; did not react to a doctor's demands for

---

[1] Plaintiffs separated each attachment within this Exhibit, but the document was scanned into ECF in three sections, each of which comprises many attachments. The undersigned cites relevant pages by identifying the ECF docketing number (e.g., 5, 5-1, or 5-2) and the page number that is displayed on the ECF header (e.g., 10).

2

Plaintiffs' child or for Feliks Kubin; postponed meetings; and performed provocations, intimidation, and harassment for the purpose of misappropriating public funds and illegally taking additional money from program participants. Compl. at 5; *see also* Ex. at ECF 5 pp. 1-15 (narrative of events underlying complaint). In doing so, Defendants "violated almost all rules of 'Abode Services Policy and Procedures manual.'" Compl. at 5; *see also* Ex. at ECF 5 pp. 20-25 (Abode Services Policies and Procedures Manual, Jan. 2017). Plaintiffs allege each of the Adobe employee Defendants engaged in unlawful conduct sounding in fraud and/or misrepresentation; in addition Sherry Galahan asked for a bribe, harassed, intimidated, recorded videos, and touched belongings without permission; Rebekah Dennison intimidated; Noelia Vazquez hid "mandatory original docks"; and Katie Fantin did not react properly to a doctor's demands for Kubin and Plaintiffs' child, and confirmed the actions of Galahan, Vazquez, and Dennison were correct. Compl. at 5. They further allege Defendant Glenn Wong, their landlord, asked for a bribe, did not provide all requested information about the apartment he rented them, provided false information about the property, and did not react properly to their doctor's demands for their baby and Kubin. *Id.*

Plaintiffs allege Abode Services Agency is a contractor of San Mateo County that receives governmental housing funds and makes agreements between CalWorks housing assistance programs, landlords and program participants. *Id.*; *see also* Ex. at ECF 5 p. 25 (describing various sources of funding for different subsidy programs offered by Abode Services, including HUD and VA, but not alleging which subsidy program applied to Plaintiffs); Ex. at ECF 5-2 p. 39 (description of CalWorks Housing Support Program, which indicates the program "is funded by the California Department of Social Services"). Plaintiffs allege Abode Services engaged in wrongful conduct because it "didn't control [the] fraudulent activities of its employees." Compl. at 5.

Plaintiffs allege that as a result of living in the housing they were provided through Defendants, their baby and Gavrilenko both developed allergies, and/or that the family's allergies worsened; despite this knowledge, Defendants refused to take actions to improve the allergenic conditions to which Plaintiffs were subjected. Compl. at 5; *see also* Ex. at ECF 5 p. 7 ("Felix said

3

that he has an allergy to carpets, dust and dirt, but landlord said that the carpet is brand new . . ."), ECF 5 p. 69 (doctor's note explaining Kubin's severe obstructive sleep apnea is significantly worsened by allergy exposure, and asking apartment complex either to relocate Kubin to an apartment without carpet, or to remove carpet), ECF 5 p. 72 (doctor's note explaining baby has respiratory distress when inside apartment, likely due to allergens from carpeting, ventilation or mold; doctor recommends removing carpets and installing air purifier until source of problem can be isolated and corrected), ECF 5-2 p. 10 (invoice from carpet cleaning company that inspected carpet and noted: "CARPET IS NOT NEW. Carpet backing is falling apart. Paint stains on edges. Stains visible with UV light."). In addition, Defendants intimidated Plaintiffs by threatening to take their baby from them. Compl. at 5; Ex. at ECF 5 p. 5. Plaintiffs request $65,000 for the sake of their baby's health, and $9,000 in moral compensation for Kubin and Gavrilenko. *Id.*; *but see* Civil Cover Sheet (Demand: $75,000), Dkt. No. 1-1.

The Complaint alleges this Court may exercise jurisdiction over the action based on the existence of a federal question and of diversity jurisdiction. *Id.* at 3. Plaintiffs allege 5 C.F.R. § 2635.702 and 31 U.S.C. §§ 3729-3733 provide bases for federal question jurisdiction. *Id.* They allege diversity of citizenship exists because Kubin is a citizen of the Russian Federation, and Abode Services Agency is a citizen of California. *Id.* at 3-4. Although the Complaint does not allege the citizenship of Gavrilenko or of the other Defendants, it lists addresses for them in California. *Id.* at 1-2, 7.

**C. Analysis and Screening**

1. False Claims Act

"The FCA[, including 31 U.S.C. §§ 3279-3733,] was enacted during the Civil War with the purpose of forfending widespread fraud by government contractors who were submitting inflated invoices and shipping faulty goods to the government. In furthering this goal, the Act attaches liability, not to underlying fraudulent activity, but to the claim for payment. What constitutes the FCA offense is the knowing presentation of a claim that is either fraudulent or simply false." *United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1265-66 (9th Cir. 1996). The FCA "imposes civil penalties and treble damages on persons who submit false or fraudulent

4

claims for payment *to the United States*." *Schindler Elevator Corp. v. U.S. ex. rel. Kirk*, 563 U.S. 401, 405 (2011) (emphasis added). A person who violates acts proscribed by Section 3729 is liable to the United States Government, not to private citizens. *See* 31 U.S.C. § 3729.

A private person may bring a qui tam civil action for violation of the False Claims Act under Section 3730 "for the person and for the United States Government. The action shall be brought in the name of the Government." 31 U.S.C. § 3730(b)(1). However, pro se plaintiffs such as Kubin and Gavrilenko cannot bring such an action: "Because qui tam relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain, we cannot interpret § 1654 as authorizing qui tam relators to proceed pro se in FCA actions." *Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126-27 (9th Cir. 2007) ("The FCA itself does not authorize a relator to prosecute a § 3729 violation pro se. . . . Given the fact that Congress did not expressly authorize a qui tam relator to proceed pro se when acting on behalf of the United States, it must have had in mind that such a suit would be carried on in accordance with the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself." (internal quotation marks and citation omitted)).

In addition, a private party seeking to file such an action must serve a "copy of the complaint and written disclosure of substantially all material evidence and information the person possesses" on the Government pursuant to Federal Rule of Civil Procedure 4(i); shall file the Complaint in camera, under seal for at least 60 days; and shall not serve the Complaint on any defendant until the Court so orders. 31 U.S.C. § 3730(b)(2). "The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information." *Id.* Only if the Government notifies the Court that it declines to intervene shall private parties have the right to conduct the action. *Id.* (b)(4). Plaintiffs have not proceeded in the manner required to file a False Claims Act action: they did not bring the action in the name of the Government, did not file the Complaint under seal, and did not serve the Government with the Complaint and "all material evidence and information [they] possess[.]" *See* Docket. The Government also has not notified the Court that it declines to intervene. *See id.* The

Court cannot order service of an FCA action upon any defendant until Plaintiffs meet the procedural requirements of the FCA and the Government notifies the Court it declines to intervene.

Assuming arguendo that Plaintiffs' failure to comply with the procedural requirements of Section 3730 did not divest the Court with jurisdiction to entertain their False Claims Act claim in the first instance and that they are able to secure counsel to represent them going forward, the Complaint still does not state a claim. The FCA proscribes a number of acts, *see* 31 U.S.C. § 3729(a), but Plaintiffs do not identify the subsection(s) of the FCA upon which they premise their Complaint. In any event, to plead a cause of action under the FCA, Plaintiffs must allege that the money or property at issue was spent or used (1) by or on behalf of the United States Government, or (2) to advance a Government program or interest, if the Government provides any portion of the money requested or will reimburse the recipient for any portion of the money requested. 31 U.S.C. § 3729(a), (b)(2). Nothing in the Complaint alleges Defendants spent money or used property on behalf of the United States Government or to further a Government program; nor are there allegations that the U.S. Government provided a portion of the money or will reimburse a recipient for such expenditure. *See* Compl. The Complaint alleges Abode Services contracts with San Mateo County and receives government housing funds, but it does not allege it receives funds from the *U.S.* Government. Compl. at 5. Further, one of the documents Plaintiffs attaches as an exhibit to the Complaint indicates CalWorks is funded by the *California* Department of Social Services. *See* Ex. at ECF 5-2 p. 39.

For the foregoing reasons, the undersigned recommends the District Judge dismiss Plaintiffs' FCA claim.

2. Use of Public Office for Private Gain

5 C.F.R. Part 2635 codifies the Standards of Ethical Conduct for Employees of the Executive Branch. Section 2635.702, which Plaintiffs rely upon to establish federal question jurisdiction, prohibits any employee from using his public office for private gain. But there is no private right of action to enforce or obtain relief for any violation of these ethical standards. 5 C.F.R. § 2635.106(c) (violation of Part 2635 "does not create any right or benefit, substantive or

procedural, enforceable at law by any person against the United States, its agencies, its officers or employees, or any other person."); *see also McClintic v. U.S. Postal Serv.*, 2013 WL 12123492, at *1 (E.D. Cal. Dec. 19, 2013) (finding cause of action based on ethical standards failed to state a claim); *Allstate Life Ins. Co. v. Estate of Charles Thomas Reed*, 2007 WL 1040507, at *5 (S.D. Miss. Mar. 30, 2007) ("[T]hese ethical regulations do not create a private right of action, such that [a private plaintiff] is entitled to any relief pursuant to these regulations."). Moreover, the Complaint does not allege facts sufficient to show that the ethical standards would even apply to Defendants. The Complaint alleges only that (1) Abode Services is an agency that is a contractor of San Mateo County that receives governmental housing funds and makes agreements between Calworks housing assistance programs, landlords, and program participants; and (2) the individual Defendants were all employed by Abode Services and/or Plaintiffs' landlord. *See* Compl. at 5, 7. Thus, the Complaint does not allege facts sufficient to show that Defendants are employees of the Executive Branch of the United States Government.

Plaintiffs thus do not state a claim pursuant to 5 C.F.R. § 2635, and this regulation does not establish the existence of a federal question in this action.

3. Diversity Jurisdiction

To establish the existence of diversity jurisdiction, Plaintiffs must allege (1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (2) as is relevant here, that the action is between "citizens of different states" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a). The Complaint does not allege facts sufficient to show the existence of diversity jurisdiction. First, it seeks relief in the amount of $74,000, and thus is below the $75,000 jurisdictional threshold. *But see* Civil Cover Sheet (demand is $75,000). Second, it does not allege Gavrilenko's citizenship at all, so the undersigned cannot determine whether total diversity exists between the parties. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978) ("[D]iversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant.").

In addition, the Complaint alleges that both Kubin and Gavrilenko live in California and that Kubin receives benefits through CalWorks. *See* Compl.; *see also* Kubin Appl., Dkt. No. 4 at

1 (Kubin has applied for a Social Security Number). If either Kubin or Gavrlienko is a permanent resident of the United States and is domiciled in California, that Plaintiff will be considered a citizen of California for purposes of the jurisdictional analysis, and Plaintiffs will be unable to establish diversity jurisdiction in this matter. *See* 28 U.S.C. § 1332(a) ("the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State."); *see also Singh v. Daimler-Benz AG*, 9 F.3d 303 (3d Cir. 1993) (explaining legislative history of 1988 amendment to diversity jurisdiction statute and confirming statute should be interpreted by its plain language: "Congress directed that permanent resident aliens, who heretofore were considered 'citizens or subjects of a foreign state' for purposes of diversity jurisdiction' are not considered 'citizen[s] of the State in which [they are] domiciled.").

4. Summary

The Complaint does not state any basis for this Court to exercise jurisdiction over the action. Plaintiffs do not state a claim under the False Claims Act, there is no private right of action under Ethical Standards regulations, and they do not meet the requirements of the diversity statute. Accordingly, the undersigned recommends dismissal. Given Plaintiffs' pro se status and because it is not clear that the deficiencies of the Complaint could not be cured by amendment, the undersigned also recommends the District Judge grant Plaintiff leave to amend as follows:

Plaintiffs cannot assert an FCA claim in pro per. If they can obtain counsel to represent them and file an amended complaint, and should counsel comply with the requirements of the FCA for filing qui tam actions, Plaintiffs may be able to state an FCA claim.

It would be futile to grant Plaintiffs leave to amend their Ethical Standards claim, as this federal regulation does not imply a private right of action.

Plaintiffs may be able to amend the Complaint to state facts sufficient to state state law claims and establish diversity jurisdiction as a basis for federal jurisdiction—if Plaintiffs are not

8

permanent residents of California and if they seek damages greater than $75,000.[2]

## CONCLUSION

Based on the analysis above, the Court **GRANTS** the Applications to Proceed In Forma Pauperis. As Plaintiffs did not yet consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge, with the recommendation that the Complaint be **DISMISSED WITH LEAVE TO AMEND as described herein**. To summarize, the undersigned recommends Plaintiffs be granted leave to amend their FCA claim if they are represented by counsel when they file the amended complaint; not be granted leave to amend their claim based on 5 C.F.R. § 2635.702; and be granted leave to amend to allege the existence of diversity jurisdiction, and any state-law claims they can assert thereunder.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

Plaintiffs may wish to seek assistance from the Legal Help Center, a free service offered by

---

[2] If they amend the Complaint, Plaintiffs will need to meet the requirements of Federal Rule of Civil Procedure 8. Rule 8 requires Plaintiff to provide a "short and plain statement" of the claims, but "more than an unadorned, the defendant-unlawfully-harmed-me accusation" to help the Court logically connect how the defendant caused Plaintiff's injury and show what claims for relief exist. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "[A] plaintiff's obligation to provide the 'grounds' for . . . 'entitlement to relief' requires more than labels and conclusions . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For instance, in *Ashcroft v. Iqbal*, the Supreme Court rejected conclusory assertions that "petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on the account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" 556 U.S. 662, 680 (2009). The Court reasoned that such allegations were akin to the "formulaic recitation of the elements" dismissed in *Twombly*, and therefore, insufficient to meet Rule 8(a). *Id.* In doing so, the Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Plaintiffs will need to allege any fraud-based claims with sufficient specificity to satisfy the requirements of Rule 9(b). The Complaint must "state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "[W]hen averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal ellipsis omitted). To satisfy Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

the Justice & Diversity Center of the Bar Association of San Francisco, by calling 415-782-8982, or by signing up for an appointment on the15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California.  There is also a Legal Help Center in Oakland, located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at http://cand.uscourts.gov/helpcentersf.

Plaintiffs may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*.  It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial.  The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: February 8, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge